## Commissioners *against* Dobbins.

The pay and emoluments of an officer of the United States in the revenue service are the subject of taxation for county purposes where he resides.

ERROR to the common pleas of *Erie* county.

Daniel Dobbins against the Commissioners of Erie county.  Special verdict.

The plaintiff is, and has been for the last eight years, an officer of the United States, to wit, captain in the United States revenue cutter service, and ever since his appointment has been in service, in command of the United States revenue cutter Erie, on the Erie station.  He has been rated and assessed with county taxes for the last three years, to wit, 1835, 1836, 1837, as such officer of the United States, for his office as such, valued at 500 dollars; which taxes, so rated and assessed, and paid by the plaintiff, amount to 10 dollars 75 cents.

It is further agreed and admitted that the plaintiff has his residence and domicil in Erie, Erie county, Pennsylvania, and votes in said place.

The question submitted to the court is, whether the plaintiff is liable to be rated and assessed for his office under the United States for county rates and levies.  If he is, then judgment to be for defendants; if not, then judgment to be for plaintiff for the sum of 10 dollars 75 cents.

The court below rendered a judgment for the plaintiff.

*Riddle*, for plaintiff in error, cited, 2 *Rawle* 73, 77; 9 *Wheat.* 738.
*Galbreath*, for defendant in error, cited, 4 *Wheat.* 424, 432.

The opinion of the Court was delivered by

HUSTON, J.—The case stated presents that the defendant here and plaintiff below had been assessed and paid the taxes in question for the last eight years.  That the said D. Dobbins has been, for the said eight years, an officer of the United States, viz. captain of the revenue cutter Erie, on the Erie station.  It does not state that his home and residence were at Erie in Erie county, but that was admitted in the argument; that he was rated and assessed with county taxes, as such officer of the United States, for his office, valued at 500 dollars per year, and has paid the taxes; which taxes so assessed and paid amount to 10 dollars and 75 cents; and the question to be submitted is, whether the plaintiff is liable to be rated and as-

VII.—2 T

sessed, for his office under the United States, for county rates and levies.    If he is, then judgment to be entered for the defendants; if not, then judgment to be entered for the plaintiff.

Perhaps there may be a difference between the situation of a person who has been assessed and paid taxes and one who has been assessed and resisted the payment and denied the right to levy and collect taxes.    The old act of 1799 and its supplements, and the act of the 15th of April 1834, each provide specifically what is to be done by the assessors, commissioners and party taxed for the valuation and assessment and notice of the property assessed and amount, and give the right of appeal, of which appeal personal and general notice by advertisement is to be given ; and after all this, if the party assessed does not appeal nor resist the payment, but goes on for many successive years and pays, and the money thus paid is expended for general purposes, there may be objections to recovering it back, greater than would have existed if the party had attended the appeal and denied the right to tax at all or contested the rate.

This, however, is not before us ; the case is put on the power and right to impose the tax.    In other words, Is this a legitimate subject of taxation ?    And perhaps this may in some measure depend on, whether, within the true meaning of the acts, it is the office itself or the emoluments of the office which are made the subjects of taxation.

The words of the act of the 15th of April 1834 are, after directing them to take a list of all inhabitants within their respective districts, the assessors are to take an account of the *following real and personal property* :

1. Real estate in all houses, lands, lots of ground and ground-rents ; mills and manufactories of all descriptions; all furnaces, forges, bloomeries, distilleries, sugar-houses, malt-houses, breweries, tan-yards and ferries.

2. The following personal estate, viz. horses, mares, geldings and cattle above the age of four years.

3. All offices and posts of profit, professions, trades and occupations ; and all single freemen above the age of twenty-one years who shall not follow any occupation or calling.

The act of 1799 was in substance the same as this act, and the usage and construction of it may be considered in deciding on this law.    In taxing offices to which a salary is annexed, the amount of the salary has been the standard in making the assessment, and no regard has been paid to the comparative degree of honour arising from holding the office; nor has there been any difference whether the duties of the office are confined to the county as recorders and prothonotaries, or extends over several counties as president judges of the several districts, or over the whole state as judges of the supreme court.    And the tax has been assessed on the office where the officer resides, though the greatest part of the time is spent in the

[Commissioners v. Dobbins.]

exercise of the duties of the office, may be, in places distant from the residence of the officer.

The object of the legislature is to lay taxes on as many things as will bring some contribution to the support of government from every person who enjoys the protection of the government and has ability to contribute. A tax on one species of property would not do this; it would amount to an exemption of all those who did not own that kind of property. And when debts due and bearing interest, trades and occupations are the subject of taxation, there would seem to be no good reason why offices of profit should not also be subject to tax. Trades and occupations are the means of supporting the artificer or of his acquiring wealth; so is an office. The tradesman is paid by his customers, the officer by the whole people; and it would not be easy to find a good reason why those who are supported from a general fund should not contribute with others to raise that fund.

There is no objection to the amount of tax, but it is said the payment of the officer comes from the general government. While there was a Bank of the United States, a creature of the general government, shares of stock in that bank owned by a citizen of this state were as much the subject of taxation as if it had been entirely a state institution or as shares in any of our other banks.

Offices and posts of profit are by the law subjected to taxation. The law makes no discrimination between them except that, like every other subject of taxation, they are assessed according to their value, and we have no power to discriminate.

This case does not require an opinion as to naval or military officers who may spend their time and pay at a distance from this state. This case has been treated in the argument as a civil office of profit held by an inhabitant of Erie county.

Judgment reversed, and judgment for defendants.